IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01534-PAB-MEH

DONALD ROBINSON

      Plaintiff,

v.

THE CHARTER OAK FIRE INSURANCE COMPANY,

      Defendant.

## ORDER

      This matter is before the Court on defendant's Motion to Bifurcate [Docket No. 26]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

      Plaintiff was injured in an automobile accident in which the other driver fled without providing insurance information. *See* Docket No. 5 at 1-2, ¶¶ 5-9. Plaintiff submitted an uninsured motorist claim to defendant, an insurance provider with whom plaintiff has an insurance policy. *See id.* at 2-3, ¶¶ 12-25. Over the course of the next few months, defendant made several payments of plaintiff's medical expenses pursuant to *State Farm Mutual Automobile Insurance Company v. Fisher*, 418 P.3d 501 (Colo. 2018). *See* Docket No. 26 at 4. On February 10, 2020, plaintiff asked defendant for an evaluation and settlement offer. *Id.* at 2. Defendant made an offer. *Id.* Plaintiff then demanded payment without accepting a settlement, which defendant nevertheless paid. *Id.* at 2-3. Plaintiff then notified defendant that he would undergo a functional capacity evaluation ("FCE"), the results of which were later sent to defendant. *See id.* at 3.

Based on the FCE, plaintiff requested that defendant pay the remainder of plaintiff's policy limits. *See id.* Defendant claims that, before it had the opportunity to perform an expert review of plaintiff's FCE, plaintiff filed suit. *See id.* at 3-4.

Plaintiff brings three claims based on defendant's non-payment of the policy limits: (1) common law breach of contract; (2) common law bad faith; and (3) statutory unreasonable delay or denial. *See* Docket No. 5 at 5-7. On July 13, 2020, defendant filed a motion to bifurcate. *See* Docket No. 26. Defendant argues that the breach of contract claim should be bifurcated from plaintiff's claims for bad faith and statutory unreasonable delay or denial. *See id.* at 1.

Federal Rule of Civil Procedure 42(b) allows a court to order separate trials on "one or more separate issues [or] claims" in a case "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Courts have "broad discretion in deciding whether to sever issues for trial." *Rowland v. United States*, No. 14-cv-00883-KLM-MEH, 2015 WL 4943955, at *2 (D. Colo. Aug. 20, 2015) (quoting *Green Constr. Co. v. Kan. Power & Light Co.*, 1 F.3d 1005, 1011 (10th Cir. 1993)). Bifurcation is not an abuse of discretion where the interests of convenience, avoiding prejudice, and promoting expedition and economy "favor separation of issues and the issues are clearly separable." *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993). In contrast, a court should not bifurcate a trial if it would be "unfair or prejudicial to a party." *Id.* "[T]he party seeking bifurcation has the burden of showing that separate trials are proper in light of the general principle that a single trial tends to lessen [] delay, expense[,] and inconvenience." *Smith v. BNSF Ry. Co.*, No. 17-cv-00977-KMT, 2019 WL 5063468, at *2 (D. Colo. Oct. 8, 2019) (citation omitted).

Defendant argues that: (1) the breach of contract claim is separate from the bad faith and statutory claim; (2) discovery and evidence regarding the bad faith and statutory claims is prejudicial to defendant's defense of the breach of contract claim; (3) it is more efficient to address the breach of contract claim first; and (4) plaintiff's bad faith and statutory claims lack merit and so they should not be allowed to proceed until resolution of the breach of contract claim. *See* Docket No. 26 at 6-14. The Court is not persuaded.

First, the Court finds that the breach of contract claim and the bad faith claims are intertwined. Much of the information that defendant argues is separate is the same information that is needed for answering the question of whether plaintiff is entitled to more than he was already paid under his theory of breach of contract. For example, resolving the breach of contract claim will require determining the "existence of insurance" as well as the "type and amount of coverage" and "damage assessments," which defendant argues are only relevant to the statutory claim and the bad faith claim. *See* Docket No. 26 at 6-7. Without this information, it is unclear how plaintiff could prove that he is entitled to more than what defendant has already paid. While defendant is correct that the breach of contract claim is distinct, *see id.* at 7, that does not necessarily mean that the evidence and information relied on for both claims are distinct. *See Salazar v. State Farm Mut. Auto. Ins. Co.*, 148 P.3d 278, 281 (Colo. App. 2006) ("[A]lthough the two claims present[] different legal theories, one sounding in contract and the other in tort, they [seek] redress for essentially the same wrong."). Although some discovery and evidence may not overlap, the core of each claim does. That is, "the circumstances of the accident, the particulars of the insurance policy, and

[defendant's] conduct" are relevant to each.[1]  *See Baros v. Sentry Ins.*, No. 11-cv-02487-LTB-KLM, 2012 WL 846706, at *2 (D. Colo. Mar. 12, 2012).  As a result, the Court finds that the issues are not clearly separable.

Second, regarding prejudice as a result of evidence of bad faith and defendant's settlement offers, defendant's concerns are "overstated."  *See Anderson*, 2018 WL 10609649, at *3.  Any potential prejudice regarding either bad faith or settlement can be mitigated by proper jury instructions.  *See id.*  "Juries are presumed to follow such instructions [and] this case should be no exception."  *See id.*

Third, the Court finds that judicial economy is not best served by addressing the breach of contract claim separately.  Defendant argues that, if the breach of contract claim is resolved in its favor, there will be no need to resolve plaintiff's other claims because they will fail as a matter of law.  *See* Docket No. 26 at 10.  However, defendant fails to address what happens if the claims were bifurcated and plaintiff succeeded on his claim for breach of contract.  In that situation, "the parties would need to 'start from scratch' . . . [and] two trials would be required from the same nucleus of facts."  *See Anderson*, 2018 WL 10609649, at *3; *see also Hill*, 2017 WL 6945040, at *2.  At best, this possibility makes this factor neutral and, at worst, it results in serious delay to the resolution of plaintiff's claims.

---

[1]The Court notes that defendant fails to cite a single District of Colorado case where these issues were considered clearly separable for purposes of Rule 42.  On the contrary, bifurcation in these cases is "generally disfavored in this District" and frequently denied.  *See Bonham v. Geico Cas. Co.*, No. 15-cv-02109-MEH, 2016 WL 26513, at *2 (D. Colo. Jan. 4, 2016); *see also Anderson v. Am. Nat. Prop. & Cas. Co.*, No. 17-cv-03016-REB-KMT, 2018 WL 10609649, at *2 (D. Colo. Feb. 8, 2018); *Hill v. Amica Mut. Ins. Co.,* No. 16-cv-02930-RM-MEH, 2017 WL 6945040, at *2 (D. Colo. July 25, 2017).

For the foregoing reasons, it is

**ORDERED** that defendant's Motion to Bifurcate [Docket No. 26] is **DENIED**.

DATE March 11, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge